Opinion filed August 14, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed August 14,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00056-CR 

                                                     __________

 

                                  HENRY
ROSS HODGES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court 

 

                                                      Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13142

 



 

                                              M
E M O R A N D U M   O P I N I O N

The
jury convicted Henry Ross Hodges of felony driving while intoxicated and
assessed his punishment at eight years confinement.  Hodges challenges his
conviction with a single issue contending that his counsel was constitutionally
ineffective because she introduced into evidence an arrest report that
reflected a blood alcohol content of .308.  We affirm.

                                                              Standard
of Review








To
determine if trial counsel rendered ineffective assistance, we must first
determine whether Hodges has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington, 466 U.S. 668 (1984).  We must indulge
a strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance, and
Hodges must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v.
State, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).  An allegation of
ineffective assistance must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness.  Thompson v.
State, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  Under normal
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking as to overcome the presumption
that counsel=s
representation was reasonable and professional.  Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002).

                                                       The
Evidence

            Department
of Public Safety Trooper James Lattimore testified that he was called to assist
Deputy Sheriff Gary Morris with a traffic stop.  When he arrived at the scene,
Trooper Lattimore activated his video recording equipment and performed field
sobriety tests on Hodges.  Trooper Lattimore testified that the standard tests
included an HGN test, a walk-and-turn test, and the one-leg stand.  He also
testified that Hodges failed the sobriety tests.  Trial counsel attempted to
undermine this testimony by showing inconsistencies between Trooper Lattimore=s arrest report and video
and, in the process, introduced the report into evidence.  The report reflects
that he performed an HGN test; however, there was no HGN test shown on the
video.  Trooper Lattimore responded that Deputy Morris had already administered
an HGN test before he arrived and that he simply recorded Deputy Morris=s results on his report.

The
arrest report includes the notation ABAC
@ .308 (PBT).@  The
trial court held that, because the report had been admitted into evidence,
Trooper Lattimore could now testify about Hodges=s
breath test.  Trooper Lattimore described the test and testified that Hodges=s test results indicated a
blood alcohol content of .308.  The only other reference to the portable breath
test was during closing argument when the State pointed out the consistency
between the portable breath test results and Hodges=s blood sample analysis.








Hodges
argues that the admission of the arrest report made his conviction a formality
because there was no evidence to rebut the test results.  Even if we assume
that the better practice would have been served by attempting to redact the
reference to the portable breath test before offering the report into evidence,
Hodges=s argument
fails to consider the overwhelming evidence of his intoxication.  The jury
heard Deputy Morris testify that he observed Hodges=s vehicle veer into the oncoming lane of traffic,
that he smelled alcohol coming out of Hodges=s
vehicle before he actually saw Hodges, that Hodges failed a field sobriety
test, and that Hodges slurred his speech and had trouble standing.  The jury
also heard Trooper Lattimore testify that Hodges failed his field sobriety
tests and had difficulty standing and that he was taken to the hospital to
obtain a blood specimen.  Raymond Arthur Waller, Jr., the manager of the
Abilene DPS Crime Lab, testified that Hodges=s
blood sample contained .30 grams of alcohol per 100 milliliters (almost four
times the legal limit) and that some people die of alcohol poisoning at this
level.  Finally, the jury saw the video of Hodges=s
stop.  Against this evidence, we cannot conclude that a reasonable probability
exists that, if the jury had not heard about Hodges=s portable breath test results, it would have
acquitted him.  Hodges=s
issue is overruled.

                                                                        Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

August 14, 2008

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.